The Great Western Railroad Company, Appellant, *v.* Andrew J. Thompson, Appellee.

APPEAL FROM MORGAN.

Railroad companies are not liable for injuries to cattle, unless they be willfully or maliciously done, or done under circumstances exhibiting gross negligence. These companies are not bound to use the highest possible degree of care towards animals coming in the way of their trains.

The case of the *Chicago and Mississippi Railroad Company* v. *Patchin*, in 16th Illinois, referred to and approved.

The appellee sued the appellant, in case, for carelessly and negligently killing his horse. Plea, the general issue.

On the trial, the appellee examined several witnesses, none of whom were present at the time of the casualty, and gave no direct or conclusive testimony in regard to it. One of these witnesses testified, that he was shown the track of the horse that was killed, and if so, the horse, at no time he was running, was more than thirty feet from the track of the railroad.

On the trial, the appellant examined some three or four witnesses, who were on the train at the time of the casualty, who testified : That they were going from Jacksonville to Naples ; that the horse first appeared some distance ahead of the train, approaching it at a right angle from the south ; that when he came near the road, and without crossing it, he turned to the left, and ran some distance between a farm and the road, until he came to the timber, and then turned round the corner of the farm in a southern direction, and that they lost sight of him, he going into the timber ; that, when the horse first appeared, the

usual expedients, of whistling, to frighten stock away, and application of brakes, to moderate speed, were resorted to; that, when the horse first appeared, they were going at a very moderate rate of speed; that they were on a down grade, and so continued until they came to a curve, and at the steepest of the grade, about a culvert, the horse became entangled, and was run over and killed by the train; that, after the horse disappeared in the timber, they had no further apprehension of trouble, until the horse suddenly re-appeared, not far ahead of the train, approaching the road from the south; that, as soon as the horse was discovered so approaching, the brakes were applied; that he sprang on the road a short distance ahead of the train, and, after a jump or two on the track, became entangled in the culvert, and was run over and killed. The witnesses testified that they did all they could, in the management of the train, to prevent the casualty; that it was unavoidable, and that no human power or foresight could have avoided it; that, if the engine had been reversed at the time of the re-appearance of the horse, and the brakes applied, the casualty could not have been avoided.

In behalf of the appellee, the following instructions were given to the jury, which were excepted to by the counsel for appellant:

1st. That if they believe, from the evidence, that the horse of the plaintiff was killed by the railway train of defendant, and that, by the exercise of proper care and diligence, the agents of said company, in charge of said train, might have prevented said killing, the said company are responsible to said plaintiff for the damage accruing; and they must find for the plaintiff in the amount of the value of the horse so killed.

2nd. That, if they believe from the evidence that the agents of the company, in charge of the train in question, had reasonable cause to apprehend a collision with the horse of the plaintiff, and did not use *all the means* in their power to prevent the damage to the horse, they must find for the plaintiff a verdict in the amount of the value of the horse so killed by said train.

In behalf of the appellant, the following instructions were asked:

1st. That the charge in the plaintiff's declaration is, that his horse was killed by the negligence of the defendant's agents, and that he must prove clearly, to the satisfaction of the jury, and by preponderance of his testimony, that the horse was so killed, before he is entitled to recover in this case.

2nd. That if the jury believe the positive statements of the agents of the defendant, who were present at the transaction, that the killing of the plaintiff's horse was the result of inevitable accident, then the jury must find a verdict for the defendant.

The court gave the first instructions asked for by the appellant, and modified the second instruction that they asked, by striking out the words " the result of inevitable accident," and substituting the words " unavoidable, and that they used all the diligence in their power to prevent it ;" to which modification, and the instruction as modified, appellant, by his counsel, excepted.

The jury rendered a verdict for the appellee, and the appellant, by his counsel, moved to set aside the same, and to grant a new trial.

The motion for a new trial was overruled, and the appellant excepted.

The errors assigned in the case are:

1st.   That the court below erred in giving the several instructions that were asked for by the appellee.

2nd.   That the court below erred in modifying the second instruction that was asked for by the appellant.

3rd.   That the court below erred in not granting the motion for a new trial.

D. A. SMITH, for Appellant.

J. L. McCONNEL, for Appellee.

SCATES, C. J.   The instructions given for defendant here, and the modification of plaintiff's second instruction, were erroneous, and for which this judgment must be reversed.

The general doctrine upon the subject of care and neglect, as laid down and applied, between common carriers and passengers and goods under their charge, is not the doctrine applicable to, and which governs circumstances like these.

We gave to this subject a very careful consideration, and a full examination of authorities in the case of *The Chicago and Mississippi Railroad Co.* v. *Patchin,* 16 Ill. R. 198 ; and, upon further reflection, are more confirmed in the conviction that the true rule to fix the liability of plaintiffs and establish the rights of defendant in such cases was there suggested.   And we must think it would promote the public good if these rights and liabilities were known and understood.

A common impression that railroads are under the liabilities of insurance for persons they carry, and for the highest possible degree of care towards all persons and animals consorting about the track and trains, leads to a greater degree of carelessness in others than is compatible with their own safety or the interest of the roads.   What could have been done by the company in this case more than is shown to have been done by the record,

I am at a loss to conjecture, even had they been under the degree of care supposed. If juries will assess damages under such circumstances, parties asking them will only increase their misfortune by adding thereto costs.

There is nothing in the record showing any want of care in the defendant, and to us the plaintiffs appear equally blameless.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*

SKINNER, Justice. Not having the record before me for examination, in connection with the foregoing opinion, I do not feel justified to dissent from the judgment of the court reversing the judgment below, but I deem it my duty here to enter my protest against the doctrine that railroad companies in this State are not liable for injuries done by them to stock upon their roads, unless they be willfully and maliciously done, or by such gross negligence as is equivalent thereto.

This I understand to be the rule laid down in the case of *The Chicago and Mississippi Railroad Co.* v. *Patchin,* referred to and approved in the foregoing opinion. I am aware that recent cases may be found apparently sanctioning this doctrine, especially in those States where by law the owner is a trespasser by permitting his stock to run at large upon the unenclosed grounds of another.

By the settled law of this State stock may *lawfully* run and range upon unenclosed lands, and I can find no satisfactory reason for distinguishing, in this respect, unenclosed railroads from common highways and open prairies and woodlands. The law must be the same in either case. It cannot be questioned, that for willful and malicious injuries to another's property, and for injuries caused by such negligence as evinces a wanton disregard of consequences, legal liability *universally* attaches to the party in the wrong and causing the injury. In my opinion the law holds railroad companies to the same degree of care, and liable for the same degrees of negligence in case of injuries done by them to stock upon their unenclosed roads, as in case of injuries by individuals to stock upon the common highways and open lands of the State; and I can sanction no doctrine extending immunity in this respect to railroad companies not common to all.

Persons and corporations must so use their property as to do no *unnecessary* injury to others, and the law is the same in regard to liability in the one case as the other. Nor am I prepared to concede that, in cases like the present, proof of the injury does not *prima facie* establish liability, requiring explanation in discharge of such *prima facie* liability.

Railroad companies are common carriers, and the law is well settled that in case of injury to person or property in the course of their transportion, proof of the injury, or ordinarily accident and injury, presumes the fault of the common carrier, and devolves upon him the burthen of proving the facts in discharge of liability. I am not prepared to admit that this doctrine is not properly applicable to cases of injuries by railroads to stock upon their unenclosed roads. It is a common principle of the law that in actions for injuries to the person or property of another, which, according to the experience of mankind, are usually produced by the wrong of another, proof of the injury presumes the wrong, and the party committing it must prove his justification. Besides, the facts are peculiarly within the knowledge of the company and its servants, and easy of proof by the company. The owner of the stock finds them killed by a train of cars and their carcasses strewn upon the road, but the circumstances attending the killing he ordinarily knows nothing of, nor by whom they can be proved.

The law should afford *substantial* remedies for wrongs, and when men learn that they are not obtainable through the law, there is danger of the worst of evils: the resort to that supposed redress suggested by feelings of passion and revenge.