ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

DENNIS BAKER.

1. NEGLIGENCE—*killing stock on a railroad.* If by the use of ordinary care and diligence, animals on a railroad track can be saved from injury, it is the duty of the company to employ that degree of care.    No other rule would afford sufficient protection to animals which are lawfully on the track, as they are if they got upon it from the range or commons.

2. So, where stock are upon the track and a train is approaching, though down a slight grade, and the engine driver, instead of stopping his train to drive off the stock, pursues them to a point where, by reason of ditches filled with water, on each side of a high embankment, there is little probability the animals will leave the track, and they are overtaken and killed, the company are guilty of gross negligence, and they will be liable, notwithstanding it may appear the animals got on the track within the limits of a town.

APPEAL from the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action against the Railroad Company to recover for killing a colt, and was commenced before a justice of the peace, and taken by appeal to the circuit court, where judgment was rendered for Baker upon the verdict of a jury.

The evidence was contradictory as to where the colt got on the track, but all the witnesses agreed that the train was running slow, though down a slight grade—that the colt was chased by the train to a culvert with a deep ditch filled with water on the sides, and there killed ; that from where the train first whistled to frighten off these horses to where the colt was killed, there was ample time to stop the train.    As to the efforts to stop the train  there was  a slight disagreement.    One witness testified that no effort was  made  to  stop it,  and only attempts to frighten  the animals by whistling. Another witness testified that he  saw a  man  get on  top the cars and work the brake.

For the plaintiff below the following instruction, with others, was given :

2d.    The court instructs the jury that if they believe from the evidence, that the train; which it is alleged killed the stock, could have been stopped by the exercise of  ordinary care and prudence before running over  the  horse,  which  it  is  alleged was killed, and that  by reason of  such  neglect to stop  said train, the horse was run  over and  killed  by defendants' train of  cars, then the jury are  directed  to find for  plaintiff the the value of his horse  or colt.

The defendant below asked the following instruction, which the court gave, adding, however, the words in brackets.

5th.    That the plaintiff must prove that the  horse  did  not get on at the crossing of. a public road or  highway, and if he failed to show this by positive proof, the jury must find  for the defendant.    [Unless defendant was guilty of  gross or wilful negligence in the killing of the horse.]

The giving of the above instruction, with others of  similar import, and the refusal to give instructions involving the same legal   questions   as   defendants'   fifth  before  modified,  is assigned for error.

Mr. J. D. LONG, for the appellants.

Messrs. SMITH & GRAY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case against the Illinois Central Railroad Company, then using and operating a portion of the Toledo, Peoria & Warsaw Railroad, for killing, by negligence, a colt of the plaintiff, of the value of one hundred dollars. The jury returned a verdict for the value of the colt, for which the court gave judgment, having overruled a motion for a new trial.

The defendants appeal to this court, and insist the motion to set aside the verdict should have been allowed, it being contrary to the evidence.

There was some slight conflict in the testimony as to where the colt got on to the track, whether in or outside of the limits of the town of New Benton. The jury might have found it either way, and it would not change the aspect of the case as we view it. We place it on the ground of great negligence in not stopping the train, then running at a slow rate of speed, so as to have given the animals, for there were two others with the colt, a chance to leave the track. The driver saw them in time to have done so, but did not do it, but rather pursued them a considerable distance, as if with the intent to kill them.

In the case of the same company against Middlesworth, decided at this term, (46th Ill. 494), negligence of this character, or even ordinary negligence, will subject the company to damages.

If by the use of ordinary care and diligence, animals on a railroad track can be saved from injury, it is the duty of the company to employ that degree of care. If they do not, they are liable. No other rule would afford sufficient protection to animals which are lawfully on a railroad track, as this court

has so often decided they are, if they get upon it from the range or commons.

The instructions given are in harmony with these views, and with the principles recognized in the case referred to.

The evidence sustaining the verdict, and the instructions being proper, the judgment must be affirmed.

*Judgment affirmed.*