# Toledo, Peoria & Warsaw Railway Company
## *v.*
## Ransom Ingraham.

1. **Negligence,** *in railroads—killing stock.* When, by the use of ordinary care and diligence on the part of the servants of a railroad company, animals straying on its track can be saved from injury, it is their duty to exercise that degree of care; and a failure to do so will render the company liable for any damage thereby sustained.

2. **Instructions**—*should be based on the evidence.* Where an instruction has no application to the facts of the case, it is proper to refuse it.

3. **Same**—*error in refusing or giving—whether will reverse.* A new trial will not be awarded on the ground that the court erred in giving and refusing certain instructions, where it appears that no substantial error was thereby committed, and that those given stated the law applicable to the case with sufficient accuracy.

Appeal from the Circuit Court of Hancock county; the Hon. Joseph Sibley, Judge, presiding.

Messrs. Marsh & Marsh, for the appellant.

Messrs. Manier, Peterson & Miller, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace, by the appellee, to recover for the price and value of a cow, alleged to have been killed by the engine and cars of the appellant. A trial was had before the justice, which resulted in a judgment for the appellee. The appellant removed the cause to the circuit court, where a trial was again had and resulted as before, in a verdict for the appellee. The appellant now brings the cause to this court on appeal, and seeks a reversal of the judgment, on the ground that the evidence does not sustain the finding of the jury. The errors assigned also question the correctness of the rulings of the court in giving and refusing instructions.

The appellant's track was not fenced at the point where the cow was killed. It does not appear that it was the duty of the

appellant to erect a fence at that place, and no evidence is offered on that subject. It was sought to recover solely on the ground of negligence on the part of the company and its servants.

The cow was killed on the track, in the night time, near the depot. The evidence shows that the track at that point was perfectly straight for the distance of half a mile either way. It is supposed that a train approaching or just leaving a depot would run slower than the ordinary running speed. The evidence is to the effect that a cow on the track, even in the night, could be distinctly seen, by the aid of the head light, if the engineer was on the lookout, in time to stop the train before reaching it. One witness places the distance at which the cow could be seen by the aid of a good head light, at eighty rods. If the cow could have been seen in time to stop the train and the engine, it was culpable negligence in the servants of the company not to do so, for which the company must be held responsible. *Illinois Central R. R. Co.* v. *Wren*, 43 Ill. 77. The evidence offered by the appellee tended to and did prove facts from which the jury might properly infer that the servants of the company recklessly and wilfully destroyed the property of the appellee. That evidence was wholly uncontradicted, and the jury had a right to rely on it. The appellant offered no explanation whatever, of its conduct in the destruction of the property of the appellee. It would have availed the counsel a much better purpose to have explained the *prima facie* case made by appellee by other evidence, than to call upon the court to " rebuke " the jury. If the evidence produced by the appellee, and on which alone the jury had to pass, was not the truth, the appellant had it in its power to disprove it. The evidence tended to prove, and if the evidence is to be relied on, and we do not see how the jury could do otherwise than to believe it, did prove, that the engineer could have seen the cow in time to stop his train and avoid the accident. If this was not true, the appellant could have called the engineer himself and explained the manner of the accident

consistently with careful conduct on his part. This it neglected or refused to do, and we think the jury, in the absence of any explanatory evidence, were justified in relying on the evidence produced before them.

We perceive no substantial error in the instructions; certainly none for which the judgment ought to be reversed. One of the instructions asked by the appellant and refused by the court, has no application whatever to the facts of this case, and was therefore properly refused. The instructions, taken together, state the law applicable to this case with sufficient accuracy. *Illinois Central Railroad* v. *Baker*, 47 Ill. 295.

We perceive no reason for disturbing the finding of the jury, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*