## Toledo, Peoria and Warsaw Railway Co.

*v.*

## Justice Deacon.

1. Constitutional law—*regulating speed of railway trains, etc.* By the grant of corporate franchises to railroad companies to procure the right of way and operate their trains by the power of steam, the State does not deprive itself of its inherent power to enact all police laws necessary and proper to protect the life and property of its citizens.

2. By such charters, unlimited discretion in the regulation of the speed of trains is not conferred. Among the rights reserved, and which must inhere in the State, is the power to regulate the approaches to and the crossing of public highways, and the passage through cities and villages, where life and property are constantly in imminent danger by the rapid speed of railway trains. The exercise of corporate franchises must yield to the public exigencies and the safety of the community.

3. Ordinance—*speed of railway trains.* The corporate authorities of the town of Cuba enacted the following ordinance: "That it shall be unlawful for any railroad company, by themselves or their agents, to run at a greater rate of speed within the corporate limits of the town of Cuba than five miles per hour;" and provided a penalty for its violation not less than $10 nor more than $100: *Held,* that the corporate authorities had the power under the statute to pass the same, and that while it was somewhat informal, its meaning was plain enough to be easily understood.

4. Negligence—*evidence of—burden of proof.* Where a railroad company runs its trains through the limits of an incorporated city or village at a greater rate of speed than is permitted by the ordinances of such city or village, if any live stock is killed by such train, the killing, by the statute, will be presumed to have been done through the negligence of the company; and in an action by the owner of the stock, proof of the killing and violation of the ordinance will make out a *prima facie* case of negligence, and throw the *onus* upon the company to rebut this presumption of law.

Appeal from the Circuit Court of Fulton county; the Hon. Chauncey L. Higbee, Judge, presiding.

Mr. G. Barrere, for the appellant.

Mr. J. S. Winter, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

There is no dispute that the horses were killed, but it is urged that there is no proof that the injury was done by the train of the appellant corporation, or that its railway was located through the corporate limits of the town of Cuba.

It is true, that no witness designated the company by its name, but all the witnesses, including the officers and employees of the company, spoke of a railroad and a train within the limits of the village, and the jury must have known the railway to which reference was made.

The only question of fact involved is, was the train, at the time of the alleged trespass, running at a greater rate of speed than five miles per hour? The evidence satisfactorily answers this question in the affirmative, and the finding of the

jury was upon sufficient testimony, and ought not to be disturbed.

The authorities of the village had enacted the following ordinance:

"That it shall be unlawful for any railroad company, by themselves or their agents, to run at a greater rate of speed within the corporate limits of the town of Cuba than five miles per hour."

The penalty for its violation was not less than $10 nor more than $100.

Some hypercriticism has been indulged in regard to this ordinance, and it is also contended that its enforcement was an interference with the chartered right of the company to regulate the speed of its own trains.

The meaning of the ordinance is plain enough to be easily understood by those who are to be affected by it. It might have been more formal, but the sense is apparent.

Though the legislature has granted franchises to railway corporations, and authorized them to procure the right of way, and operate their trains by the power of steam, yet they have not unlimited discretion in the regulation of the speed of trains. They can not act recklessly and in disregard of the safety and rights of others. The State has reserved to itself the power to enact all police laws necessary and proper to secure and protect the life and property of the citizen. Prominent amongst the rights reserved, and which must inhere in the State, is the power to regulate the approaches to and the crossing of public highways, and the passage through cities and villages, where life and property are constantly in imminent danger by the rapid and fearful speed of railway trains. The exercise of their franchises by corporations must yield to the public exigencies and the safety of the community.

This question is not an open one in this State, but has been settled by adjudged cases, from which we shall not depart.

*Galena and Chi. Union R. R. Co.* v. *Loomis,* 13 Ill. 548; *O. and M. R. R. Co.* v. *McClelland,* 25 Ill. 140.

The legislature authorized cities and towns to pass ordinances for the regulation of the speed of trains. In pursuance of the power granted, the ordinance in question was enacted, and was duly published according to the requirement of the charter of the town.

The company, as we assume the evidence shows, violated the ordinance. What was the effect of this violation? The statute provides that railway companies shall be liable for all damages sustained by running their trains at a greater rate of speed than is permitted by the ordinance of any city or town, and that while so running, should any live stock be killed the presumption shall be that the killing was the result of the negligence of the company. Sess. Laws 1865, 103.

The killing and the violation of the ordinance were proved, and thus a *prima facie* case of negligence was made out against the company. The *onus* was thrown upon it to rebut the presumption of law arising upon the facts proved. The evidence failed to remove the presumption, and there is no escape from the liability, for the jury might fairly attribute the killing to the speed of the train.

We can not hold that the carelessness of appellee contributed to the loss he sustained. He violated no law in permitting his horses to run at large; and in the absence of such violation, the bare fact that they were at large affords no evidence of negligence. *T. W. and W. R. R. Co.* v. *Furguson,* 42 Ill. 449.

From the record before us, we are of opinion that justice has been done, and affirm the judgment.

*Judgment affirmed.*