# Rockford, Rock Island and St. Louis Railroad Co.

## *v.*

## Tyler J. Irish.

1.  Railroad companies—*required to fence their track, notwithstanding law prohibiting domestic animals running at large.* The law prohibiting domestic animals from running at large, in force October 1, 1872, does not, by implication, repeal or nullify any of the provisions of the act of February 14, 1855, requiring railroad companies to fence their roads, and the same is true with regard to the law preventing male animals from running at large.

2.  And, in suits against railroad companies for killing such animals, it is a question of fact, to be determined by the jury, from all the circumstances in evidence, whether the act of the owner, in permitting his animals to run at large in violation of law, is contributory negligence.

3. NEGLIGENCE—*whether permitting male animals to run at large is contributory or not, in suit for injury.* Whether permitting male animals to run at large, which are subsequently injured by locomotives or trains, is contributory negligence, depends, first, upon whether permitting them to run at large was a proximate or only a remote cause of the injury; and if it was a proximate cause, then, secondly, whether such negligence of the owner was slight and that of the company gross, in comparison with each other.

4. SAME—*mere preponderance, on the part of defendant, does not entitle plaintiff to recover.* Where there is evidence of contributory negligence on the part of the plaintiff, it is improper to give an instruction which assumes that a mere preponderance of negligence on the part of the defendant will entitle the plaintiff to recover.

5. SAME—*degree of care required of railroads where owners of animals are guilty of negligence.* Although a plaintiff may be guilty of negligence in permitting his animals to get upon a railroad track, it is still the duty of the railroad company to use ordinary skill and prudence to avoid doing them injury, and failing in this, it is liable.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. LEVI DAVIS, JR., for the appellant.

Messrs. IRWIN & KROME, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We held in *Ewing* v. *The Chicago and Alton Railroad Co. ante*, p. 25, that the law prohibiting domestic animals from running at large, in force October 1, 1872, does not, by implication, repeal or nullify any of the provisions of the act of February 14, 1855, requiring railroad companies to erect and maintain fences on the sides of their roads, and that it is a question of fact, to be determined by the jury, from all the circumstances in evidence, whether the act of the owner, in permitting his animal to run at large in violation of law, is contributory negligence. What was there said is equally applicable to the law preventing male animals from running at large and requiring their restraint, and need not now be repeated. Those who violate that law may, in proper cases, be held liable for its penalties, but it furnishes no justification or

excuse to railroad companies for negligence in erecting and maintaining their fences; and whether permitting male animals to run at large, which are subsequently injured by locomotives or trains, is contributory negligence, depends, first, upon whether permitting them to run at large was a proximate or only a remote cause of the injury; and if it was a proximate cause, then, secondly, whether such negligence of the owner was slight and that of the company gross, in comparison with each other.

The instructions asked by the defendant were properly refused.

The instruction given by the court was inaccurate in assuming that a mere preponderance of negligence on the part of the defendant was sufficient to authorize a recovery, and the evidence is also unsatisfactory as to whether the place at which the animal was killed was within the limits of a village; and were we not clearly satisfied that the verdict should be sustained on the ground that defendant was guilty of gross negligence amounting to a wilful injury, we should be compelled to reverse the case. We, however, think, from the evidence before us, substantial justice will be administered by affirming the judgment.

In *Illinois Central Railroad Co.* v. *Middlesworth*, 46 Ill. 497, it was held that, although the plaintiff may have been guilty of negligence in permitting his animals to get upon the defendant's road, it is still its duty to use ordinary skill and prudence to avoid doing them injury, and failing in this, it is liable; and this has ever since been the ruling of this court. *Illinois Central Railroad Co.* v. *Baker*, 47 Ill. 295; *Toledo, Peoria and Warsaw Railroad Co.* v. *Ingraham*, 58 id. 120.

It is in evidence here that the animal could have been seen on the track, at the place and time it was killed, for the distance of thirty or forty rods. No bell seems to have been rung, and no whistle was sounded until the moment the animal was struck by the engine. The train was running at a very high rate of speed, and not the slightest effort appears to have been made to check it, or to alarm the animal in time to get it

out of the way of the engine. Had the engine-driver been on the watch for objects ahead, as it was his duty to have been, by timely efforts the injury might have been avoided. No attempt is made to justify this negligence. No witness is examined either to disprove the fact that the animal could have been seen on the track in time to have used precautionary measures against its injury, nor is it attempted to be shown that it suddenly got upon the track, immediately in front of the engine.

The evidence is sufficient to sustain the finding of the jury, and the judgment must be affirmed.

*Judgment affirmed.*