## HENRY LAMMERT

v.

## THE CHICAGO AND ALTON RAILROAD COMPANY.

1. RAILROADS—INJURY BY BEING UPON CARS—AVERMENTS IN DECLARATION.—In an action for injuries occasioned to one upon the cars of defendant, by reason of the negligence of defendant's servants, an averment that he was upon the car with the knowledge of the servants of the company, and with the permission of the company, is sufficient.

2. DEFENDANT ESTOPPED TO SAY PERMISSION WAS NOT LAWFUL.—If the party was upon the cars with the knowledge and permission of the company, and by reason of the latter's negligence an injury was occasioned, it would be estopped from saying that the permission was not granted in pursuance of the lawful rules and regulations of the company.

3. BREACH OF STATUTE—COMPARATIVE NEGLIGENCE.—A breach of duty to the state on the part of the plaintiff will not absolve the defendant from the consequence of its act, unless that breach of duty necessarily contributed to the result, in which case the doctrine of comparative negligence will apply.

4. STATUTE PROHIBITING MINORS GETTING ON CARS—DEAF AND DUMB PERSON.—The second and third counts in the declaration alleged that the plaintiff was a child under ten years, and deaf and dumb. Under the averments in these two counts the case is to be construed without reference to the statute prohibiting minors from getting on cars, for the reason that it is not applicable to one situated as was the plaintiff, without proof of his capacity to commit an offense.

5. COMPANY LIABLE.—If a child of the age and condition of the plaintiff, ignorant as to the danger and legal nature of the act, is led to frequent the cars of the company by the well-meant though injudicious kindness of the employe, and is hurt through their negligence, while performing services within the scope of their employment, the company cannot escape liability on the mere ground that he was there without having lawful permission of the company.

APPEAL from the Circuit Court of Madison county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed October 6, 1881.

Messrs. METCALF & BRADSHAW, for appellants; as to the rule of negligence in cases of children of tender years, cited Shearman & Redfield on Negligence, § 493; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; Phil. & Reading R. R. Co. v. Spearen, 47

Pa. St. 300; P. Ft. W. & C. R. R. Co. v. Bumstead, 48 Ill. 221; Ill. Cent. R. R. Co. v. Hutchinson, 47 Ill. 403; Hund v. Geier, 72 Ill. 393; C. & A. R. R. Co. v. Murray, 71 Ill. 601; Weick v. Lander, 75 Ill. 93; Kerr. v. Forgue, 54 Ill. 482.

Messrs. WISE & DAVIS, for appellee; that the plaintiff was wrongfully upon the cars and the company is not liable, cited Rev. Stat. 1877, 772; T. W. & W. R. R. Co. v. Beggs, 85 Ill. 80; T. W. & W. R. R. Co. v. Brooks, 81 Ill. 245; Robertson v. N. Y. & E. R. R. Co. 22 Barb. 91; C. & A. R. R. Co. v. Michie, 83 Ill. 427.

The negligence of the parent in allowing the child to be in a position of danger, is an element to be taken into consideration: Chicago v. Starr, 42 Ill. 174; T. W. & W. R. R. Co. v. Millen, 76 Ill. 278; O. & M. R. R. Co. v. Stratton, 78 Ill. 88.

The plaintiff must show compliance with the conditions on which his right of action depends: Honegsberger v. Second Ave. R. R. Co. 1 Keyes, 570.

WALL, J. The only question is as to the sufficiency of the first, second and third counts of the amended declaration, to which the circuit court sustained a demurrer. The objection taken to these counts is, that it appears from the averments thereof that the plaintiff at the time the injury was received was upon the cars of the defendant, and that it is not averred that he was there by permission under the lawful rules and regulations of the corporation. We are referred to Secs. 17, 18 and 19, of an act relating to the fencing and operation of railroads, in force July 1, 1874. These sections make it an offense punishable by fine and imprisonment, to be upon a locomotive or car, etc. unless the person "so doing shall be acting in compliance with law, or by permission under the lawful rules and regulations of the corporation owning or managing such railroad. It is insisted that if a person is injured when so upon a car, he must, as a condition to recovery, show that he was there lawfully, and if he cannot show this, recovery is out of the question. The discussion of the subject has taken a wide range on both sides, each party arguing the principles supposed to be involved

from his own standpoint as to the facts. We have only to look into the averments of the declaration, and inquire whether there is a sufficient cause of action alleged. The first and second counts aver in substance that the plaintiff was upon the car with the knowledge of the servants of the company then operating the train, and by permission of the defendant; that while so there and using due caution, the car was started, causing him to fall; that he hung to the car, and while so hanging, the brakeman perceiving his danger, signaled the engineer to stop; that there was time to do so and prevent the injury, but that the engineer negligently and carelessly failed to do so, and thereby and in consequence of such negligence and carelessness the plaintiff was hurt. In the second count is an averment not in the first; that plaintiff was deaf and dumb and of the age of ten years, and that his infirmities were known to said servants of the company. The third count avers the infancy and infirmities of the plaintiff, as does the second, and that at divers times the servants of the company had kindly treated him by permitting him to ride with them on the locomotives, etc., thereby inducing him to suppose it was proper and safe for him to get on and be about the cars, and that by reason of these inducements and being uninformed of the danger and unlawful nature of the act, he got on the car in question, and was seen to be there by the said servants of the company, they then being aware of his age and his infirmities, and that they made no objection to his being there, but permitted him to remain and then follow the averments as to the details attending the accident, the negligence of the engineer, etc., the same as set out in the first and second counts.

It will be seen that the plaintiff avers that he was upon the car with the knowledge of the servants of the company and with the permission of the company. If this be so, and if by reason of the negligence of the company he was injured, we think the latter could not be heard to say that the permission was not granted in pursuance of the lawful rules and regulations of the company. It would be estopped to say that the permission was informal, and thereby excuse or justify its own negligence. If the defendant permitted the plaintiff to be

there, and the permission was not of such a character as to protect the plaintiff against a prosecution for violating the statute, then the defendant would be at least in the position of aiding and abetting the offense, and as was said in Mohoney v. Cook, 26 Penn. St. 349, we should work a confusion of relations and lend a doubtful assistance to morality, if we should allow one offender who had injured another to set off against the plaintiff, that he too, was a public offender.

A breach of duty to the State on the part of the plaintiff will not absolve the defendant from the consequence of his act, unless that breach of duty necessarily contributes to the result, and in that case the doctrine of comparative negligence as understood and often defined by our Supreme Court, may well apply.   He who violates the law must suffer its penalties, yet in all other respects he is entitled to its remedies.   R. R. I. & St. L. R. R. v. Irish, 72 Ill. 404;  Welsh v. Mason, 5 Gray, 505; Norris v. Litchfield, 35 N. H. 271;  Bigelow v. Reed, 51 Me. 325.   What may be the relative character of the negligence of the parties, if there be any on the part of either, must be developed by the evidence.   The second and third counts aver that plaintiff was deaf and dumb, and of the age of ten years. He was therefore of an age when, even if possessed of all his faculties, he would be presumably incapable of committing an offense against the criminal code, and would be presumed ignorant of the law, as he is alleged to be in the third count. R. S. 1874, Ch. 38, §§ 280–283;  Angelo v. People, 96 Ill. 209;  Bishop on Crim. Law, Book 3, Ch. 13.   If this were a prosecution against him for violating § 17 of the Railroad Act, it would be necessary to show, if he is under fourteen, that he has the requisite capacity to commit criminal offense.   This section 17 prohibits *any person or minor*, etc.;  but the language used must be construed in connection with the general provisions of the criminal code, and the term "minor" must be held to mean only such a minor as under those general provisions could commit an offense; otherwise any child, no matter how young or incapable of comprehending the nature of the act, might be convicte1. It follows that under the averments of these two counts the

case is to be considered without reference to this section 17, for the reason that it is not applicable to one situated as was the plaintiff, without proof of his capacity.

Independent of this view, we think it must be apparent that if a child of the age and condition here described, ignorant as to the danger and legal nature of the act, is led to frequent the cars of the company by the well meant though injudicious kindness of the employes, and is hurt through their negligence while they are performing services within the scope of their employment, the company cannot escape liability on the mere ground that the child was there without having "permission under the lawful rules and regulations of the corporation owning or managing the railroad."

We are of the opinion that the first, second and third counts are not obnoxious to the objection taken, and that they are substantially good. The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.