## LAKE SHORE & MICHIGAN SOUTHERN R. R. Co.
### v.
### JOSEPH ELSON, Adm'r, etc.

1. EVIDENCE CONFLICTING, INSTRUCTIONS MUST BE ACCURATE.— Where the evidence upon the question of negligence is conflicting, unless it shall appear that each instruction given to the jury on behalf of the successful party stated the law with accuracy, and was free of all error calculated to mislead the jury, the judgment must be reversed.

2. INSTRUCTION—RINGING OF BELL—MUST GIVE STATUTORY WARNING.—Where an instruction directed the jury, in substance, that where a railroad crosses a common road, and a railroad train is approaching such crossing, the persons in charge of the train are bound to give *reasonable* warning, so that a person about to cross with a team and wagon may stop and allow the train to pass, and such warning must be *reasonable* and timely, so far as circumstances will *reasonably* admit of. *Held*, that the instruction was erroneous, as it amounted to a suggestion to the jury that, even if they were obliged to find that the bell on the locomotive had been kept ringing, they might further consider whether that was a reasonable warning of the approach of the train.

3. INSTRUCTIONS MUST BE BASED ON EVIDENCE.—Instructions must be based upon the evidence. It is error for the court, in an instruction, to assume as a fact, negligence which is controverted.

APPEAL from the Superior Court of Cook county ; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 25, 1884.

This was an action by appellee, as administrator of the estate of William Elson, deceased, under the statute, to recover damages of appellant for negligently causing the death of appellee's intestate. The negligence charged in the several

counts of the declaration is: (1) The general duty to have a flagman at the street crossing, and the breach of that duty. (2) Failure to perform the statutory duty of ringing a bell or sounding a whistle. (3) Want of a conspicuous light on the forward end of the locomotive. (4) Running locomotive and train at a high rate of speed, to wit, twenty miles an hour. On the trial, under the general issue, it appeared that said William Elson, while attempting, February 22, 1882, to cross appellant's tracks upon Wabash avenue, in the town of Hyde Park, Cook county, in the night time, by driving a covered grocery wagon over said tracks, was struck by the locomotive of a suburban train of appellant and instantly killed.

The bill of exceptions purports to contain all the evidence. Upon the question of the exercise of ordinary care by deceased on the occasion in question, the evidence leaves the point in doubt. Upon the question of negligence, as charged in the declaration, on the part of the railroad company, the evidence was very closely conflicting.

At the instance of the plaintiff below, the court gave to the jury a series of nine instructions, the third, fourth and fifth of which were as follows:

"3. The jury are instructed that if a railroad crosses a common road on the same level, those traveling on either have a legal right to pass over the point of crossing, and to require reasonable care and caution of those traveling on the other road to avoid a collision; that while a passing train, from its force and momentum, will have the preference in crossing first, yet those in charge of it are bound to give reasonable warning, so that a person about to cross with a team and wagon may stop and allow the train to pass, and such warning must be reasonable and timely so far as circumstances will reasonably admit of."

"4. If the jury believe from the evidence that the injury complained of was occasioned by a collision between the team and wagon of the plaintiff's intestate, and a locomotive engine of the defendant on a public road, at a place where such road crossed the railroad of the defendant, and that the plaintiff's intestate used ordinary care and caution to avoid a collision,

and that the collision was owing to the negligent, careless and unskillful manner in which the servants of the defendant managed the locomotive and train of cars attached, as charged in the declaration, and that the deceased wss killed in consequence thereof, then the jury should find a verdict for the plaintiff."

" 5. The court further instructs the jury that if they believe from the evidence that the engineer or fireman on the locomotive which struck the wagon of the deceased and caused his death—if they believe from the evidence his death was so caused—could, by the exercise of reasonable care and watchfulness, have seen the deceased in time to have stopped said engine, and avoided the injury without danger to themselves or train, then the railroad company would be liable for the want of such care and watchfulness, and the injury occasioned thereby, provided the jury further believe from the evidence, that the deceased was, at the time, exercising all reasonable care and caution to avoid the injury."

The trial resulted in a verdict and judgment against the railroad company for three thousand dollars, and the latter brings the record here by appeal for revision.

Mr. CYRUS D. ROYS and Mr. PLINY B. SMITH, for appellant ; as to instructions, cited C. & A. R. R. Co. v. Robinson, 106 Ill. 146 ; C. M. T. R. R. Co. v. Rockafellow, 17 Ill. 541; Moss v. Johnson, 22 Ill. 633; I. C. R. R. Co. v. McKee, 43 Ill. 119; C. B. & Q. R. R. Co. v. Magee, 60 Ill. 529; C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; T. W. & W. Ry. Co. v. Jones, 76 Ill. 311; T. W. & W. Ry. Co. v. Foss, 88 Ill. 552.

Messrs. MONROE & LEDDY, for appellee; that negligence is a question of fact for the jury, and where there is a conflict of evidence their finding will not be disturbed, even if the court were inclined to the belief that the weight of evidence was with the defendant, cited R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235; I. & St. L. R. R. Co. v. Galbraith, 63 Ill. 436; C. & A. R. R. Co. v. Bonifield, 104 Ill. 223.

McALLISTER, P. J.   We have carefully examined the evidence, as preserved in and brought here by the record, and find that upon the point whether deceased exercised ordinary care on the occasion in question, the evidence leaves the matter in such doubt that the jury might have been justified in finding either way upon that question; that upon the question of negligence on the part of the appellant railroad company, in any of the aspects charged in the declaration, the evidence was so very closely conflicting as to render it doubtful, at least, whether the plaintiff below was entitled to recover.   In such a case it is the well established rule of the Supreme Court that, unless it shall appear that each instruction to the jury, given on behalf of the successful party, stated the law with accuracy, and was free of all error calculated to mislead the jury, the judgment must be reversed and the cause sent back for a new trial.   Chicago & Alton R. R. Co. v. Murray, 62 Ill. 326;  Volk v. Roche, 70 Ill. 297; Toledo, W. & W. R. R. Co. v. Moore, 77 Ill. 217; Cushman v. Cogswell, 86 Ill. 62; Toledo, W. & W. R. R. Co. v. Grable, 88 Ill. 441; The Am. Ins. Co. v. Crawford, 89 Ill. 62; Wabash Ry. Co. v. Henks, 91 Ill. 406; Ruff v. Jarrett, 94 Ill. 475; Stratton v. Cent. City Horse Ry., 95 Ill. 25; Steinmeyer v. The People, Id. 383; Swan v. The People, 98 Ill. 610.

There was a conflict in the testimony as to whether, at the time of the accident, the train of appellant was running at an improper rate of speed, and as to whether the bell on the locomotive had been kept ringing as required by statute, with a decided preponderance, as we look at the evidence, in favor of appellant.   Now, seemingly, to meet that state of the case, the court, at the request of the counsel for appellee, by the third instruction directed the jury, in substance, that where a railroad crosses a common road, and a railroad train is approaching such crossing, the persons in charge of the train are bound to give reasonable warning, so that a person about to cross with a team and wagon may stop and allow the train to pass; and such warning must be reasonable and timely, so far as circumstances will reasonably admit of.

That instruction amounted to a suggestion to the jury that,

even if they were obliged to find that the bell on the locomotive had been kept ringing, they might further consider whether that was a reasonable warning of the approach of the train.

In C. & A. R. R. Co. v. Robinson, 106 Ill. 146, the court say: "The substance of plaintiff's seventh instruction is, that it is the duty of the railroad company, when its trains are about to cross a highway on a common level, to give 'due warning,' so that a person traveling on the highway with a team and carriage may stop and allow the train to pass. Exactly what is meant by 'due warning' is not readily understood. The servants of a railroad company, when approaching a public road crossing, are required to give the statutory signals of danger—that is, to sound a whistle or ring a bell. These signals are well understood by every one, and they constitute all the 'warning' the law requires the servants on the train to give. It may be the jury understood the words 'due warning' to mean more than the statute requires, and, if so, it made an erroneous impression, and ought not to have been given."

The fourth instruction for plaintiff assumes, as a fact, that the servants of the defendant managed the locomotive and train of cars attached in a negligent, careless and unskillful manner, and directed the jury to find for the plaintiff if they found that the deceased was killed in consequence thereof.

If that species of negligence is charged in either count of the declaration, it was controverted on the trial; and for the court to assume it as a fact was not only improper but prejudicial to the defendant. Ill. Cent. R. R. Co. v. Zang, 10 Bradwell, 594.

Upon a thorough examination we are unable to find, and counsel for appellee do not refer us to, any count in the declaration upon which the plaintiff could recover upon the basis of the hypothesis of the fifth instruction. Nor can we find any evidence offered with a view to a recovery upon that basis. There being no such basis in the proceedings or evidence, the instruction was improper. The East St. L. P. & P. Co. v. Hightower, 92 Ill. 139.

For the giving the instructions above specified, the judgment will be reversed and cause remanded.

Judgment reversed.