NATHAN SMEDLEY

v.

THE CHICAGO & NORTH WESTERN RAILWAY CO.

*Railroads—Negligence of—Killing of Stock—Inconsistent Verdict of Jury—Granting of a New Trial, Not Necessary on Consent.*

1.  In an action brought against a railroad company to recover damages for the alleged negligent killing of plaintiff's horses, a verdict for about one-fourth of the proved value of the horses was manifestly inconsistent and should be set aside.
2.  The granting of a new trial is a judicial function, and although both parties may be dissatisfied with the verdict and ask that it be set aside, it is still for the court to determine whether or not a new trial shall be granted.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Boone County; the Hon. HENRY B. WILLIS, Judge, presiding.

Messrs. ELDREDGE & FINCH and C. P. BARNES, for appellant.

Messrs. C. S. DARROW and A. W. PULVER, for appellee.

MR. JUSTICE HARKER. This was an action to recover for the killing of four horses and the injuring of another by the cars of appellee within the corporate limits of the city of Belvidere. The negligence charged was failure upon the part of the employes operating the train to ring a bell or blow a whistle continuously for eighty rods before reaching the highway crossing where the injury occurred, running at a greater rate of speed than that limited by the ordinance of Belvidere, failure to exercise ordinary care in discovering the horses and in stopping the train after the horses were seen by the employes operating the engine, and also in

running the train at such a dangerous and rapid rate of speed that it was not possible to stop after the horses were discovered on the track.

There was a trial by jury and a verdict returned in favor of appellant for $100. Appellee filed a motion for a new trial. Appellant filed a written confession of appellee's grounds for a new trial, and appellee a few days afterward withdrew its motion. The withdrawal of appellee's motion was against the protest and exception of appellant, but upon the court allowing it, appellant filed his motion for a new trial. As to the contention that the court erred in allowing appellee to withdraw its motion after appellant had filed his written confession and consent we see no impropriety in the action of the court. The granting of a new trial is a function of judicial practice for the exercise of the court alone. Where both parties are dissatisfied with the verdict of a jury and ask the court to set it aside, it is still for the court, not upon the consent of the parties, but upon a review of the evidence, instructions, and all matters occurring upon the trial, to deny or sustain the motion. The evidence in the record shows that the horses killed had escaped from appellant's pasture upon appellee's right of way by a gateway through which appellant's hired man was hauling manure; that the train was a passenger train, composed of four cars and engine, and was running at from twenty-five to forty miles per hour; that there was an ordinance in force at the time of the injury limiting the speed of passenger trains to ten miles per hour; that the horses could have been seen from the engine at a distance variously estimated by the witnesses from twenty-two to seventy rods before being struck, and that the value of those killed exceeded $400. There was a conflict as to when the whistle was first blown before reaching the crossing. Running the train at a greater rate of speed within the city limits than that fixed by ordinance was unlawful, and a presumption of negligence arose therefrom. It was for the jury to determine from the evidence the contested question whether such negligence caused the injury and whether the engineer

by the exercise of ordinary care could have discovered the horses and checked the speed of his train in time to have avoided the injury. The jury found the injury was caused through the negligence of appellee in operating the train. How they fixed the damages at $100, when the undisputed evidence shows they exceeded $400, is insolvable. The verdict is inconsistent and farcical. If entitled to recover at all, appellant was entitled to a verdict for the full amount of his damages proven. The record presents a judicial burlesque, and the judgment, if allowed to stand, would reflect discredit upon the administration of justice in courts of law.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*