## Chicago & Northwestern Railway Company v. Nathan Smedley.

1. RAILROADS—*Duty Toward Animals Trespassing on the Right of Way.*—The law is well settled in this State, that as to domestic animals trespassing upon a railroad company's right of way, if injury can be avoided by the use of reasonable care after the danger is discovered, such care must be exercised, or the company will be liable for the want of it, even though the injury is not wantonly nor willfully inflicted.

2. SAME—*Use of Ordinary Care to Avoid Injury.*—The mere fact that

animals are trespassing upon a right of way does not absolve the company from the exercise of ordinary care on the part of its servants, to avoid the injury, if by the use of such care they could have done so after discovering them.

3. SAME—*Running at an Unlawful Rate of Speed.*—The fact that a railroad company is running its train at an unlawful rate of speed at the time animals are killed, makes out a *prima facie* case of negligence, and when the killing of the animals and the violation of the ordinance are proven, the burden is cast upon the company to rebut the presumption, and where the evidence fails to do so there is no escape from liability.

4. TRIALS—*Improper Conduct of Counsel.*—In order to save a question in relation to the misconduct of counsel during the progress of the trial, the court must be called upon to correct the injury done. If the court refuses to do so, the injured party may except, and thus save the question involved for the consideration of the Appellate Court.

5. CONTRIBUTORY NEGLIGENCE—*Permitting Animals to Escape.*—The mere fact that domestic animals are wrongfully at large and on the company's right of way, does not preclude a recovery for their loss, if, after discovering them upon the track, or that there was danger of the engine colliding with them, the company's servants failed to exercise ordinary care to avoid the injury.

**Trespass on the Case,** for killing domestic animals. Appeal from the Circuit Court of Boone County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

CHARLES E. FULLER and WILLIAM C. DEWOLF, attorneys for appellant; E. E. OSBORN, of counsel.

C. P. BARNES, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for the killing of four horses, and the injury inflicted upon another, by the engine and cars of appellant, a few feet inside the western limits of the city of Belvidere. The accident occurred on October 18, 1887, between the hours of eleven and twelve o'clock in the forenoon. The negligence charged was, first, running the train within the corporate limits at a greater rate of speed than that prescribed by an ordi-

nance of the city; second, failure to give the statutory signals by sounding the whistle or ringing the bell continuously for eighty rods before reaching the highway crossing, near which the injury occurred; third, a failure to use ordinary care in stopping the train after the horses were discovered; fourth, that the train was not properly equipped with appliances for stopping the same in time to avoid injury to stock.

The case has been tried three times, and three different juries have found against appellant upon the facts. When the case was before us on a former appeal, taken then by appellee, we reversed the judgment of the court below, on the ground that the damages were too low, the jury having fixed them at $100, while the evidence showed them to have exceeded $400. We held, then, that if appellee was entitled to recover at all, he should have a verdict for the full amount of the damages proven. Smedley v. C. & N. W. R. R. Co., 45 Ill. App. 426.

After the case was remanded, a trial was had, and the jury gave appellee a verdict for $450. On the motion of appellant a new trial was granted and the cause being tried a third time, the jury returned a verdict for appellee for $450. A new trial was refused and judgment entered on the verdict. Appellant prosecutes this appeal and insists on a reversal, because it is contended the verdict was not warranted by the evidence, and, it is insisted, the court erred in not sustaining appellant's motion to take the case from the jury and direct a verdict for the defendant.

The facts, as shown by the evidence, are substantially the same as set forth in our former opinion (45 Ill. App. 420), and it is not necessary to here again repeat them.

We think there was evidence sufficient upon which to base the finding of the jury, and that the court did not err in refusing to direct a verdict for appellant. It is insisted that by permitting the horses to escape from the pasture, appellee was guilty of such contributory negligence as defeated his right to a recovery.

That inasmuch as the common law rule now prevails in

this State, and every man is bound to keep his stock on his own premises, the horses were mere trespassers on appellant's right of way, and, as to them, it owed no duty, either to sound a whistle, ring a bell or regulate the speed of its train within the limits required by the ordinance. But the law is well settled in this State, that even as to persons or stock trespassing upon the railroad company's right of way, if injury can be avoided by the use of reasonable care after the danger is discovered, such care must be exercised, or the company will be liable for damages caused by the want of it.

And such is the law, even though the injury is not wantonly nor willfully inflicted. The authorities on this question are clear and explicit.

A contrary doctrine was held in C. & M. R. R. Co. v. Patchin, 16 Ill. 196, and also in G. W. Ry. Co. v. Thompson, 17 Ill. 131, and other cases; but these cases were overruled as to this point by I. C. R. R. Co. v. Middlesworth, 40 Ill. 494, and this case was followed and reaffirmed, with the one modification that the servants of the company must see the danger before they are required to exercise ordinary care, in I. C. R. R. Co. v. Noble, 142 Ill. 578. See also, L. S. & M. S. R. R. Co. v. Bodeman, 139 Ill. 596; R. R. I. & St. L. R. R. Co. v. Irish, 72 Ill. 404; T., P. & W. R. R. Co. v. Ingraham, 58 Ill. 120; I. C. R. R. Co. v. Baker, 47 Ill. 295.

There was no evidence of contributory negligence on the part of appellee, except a failure to keep his horses in the pasture.

It is not like a case where the negligence of the plaintiff contributed directly to produce the injury. The mere fact the horses were trespassing on appellant's right of way did not absolve it from the exercise of ordinary care on the part of its servants to avoid the injury, if by the use of such care they could have done so, after discovering the horses were on the track or were in such a position that there was danger of coming into collision with them. There is some contradiction in the evidence as to the rate of speed at which the train was running, and also upon the question as to how

far the engineer could have seen the horses from his place on the engine. These were questions for the jury, and we see no reason for disturbing their findings upon those points. If the train was running at the rate of fifty miles an hour, as testified to by some of the witnesses, it was a highly dangerous rate of speed at a highway crossing forming the western boundary of the city. If it was running at the rate of twenty-five miles, as testified to by appellant's witnesses, the engineer and fireman, it was a clear violation of the city ordinance restricting the speed to ten miles per hour. There is no question that all the horses injured were struck inside the corporate limits of the city of Belvidere. The ordinance of the city limiting the speed of trains to ten miles an hour was put in evidence, and no question is made as to its locality. The appellant's servants, then, according to their own testimony, were running the train at an unlawful rate of speed at the time the horses were killed.

These facts made out a *prima facie* case of negligence. The statute, in pursuance of which the ordinance was passed, reads as follows:

"Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or cars, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine, or cars, and the same shall be presumed to be done by the negligence of said corporation or their agents." Hurd's R. S., 1891, Chap. 114, Sec. 87.

Under this statute the killing of the horses and a violation of the ordinance being proved, a *prima facie* case of negligence was made out against appellant. The *onus* was cast upon it to rebut the presumption of law arising upon the facts proved. T., P. & W. R. W. Co. v. Deacon, 63 Ill. 91.

In this case it was for the jury to say whether the appellant overcame this statutory presumption by the evidence.

They found against appellant on that proposition, and we can not say their conclusion was wrong.

The evidence failing to remove the presumption, there is then no escape from the liability, for the jury might fairly attribute the killing to the speed of the train.  T., P. & W. R. R. Co. v. Deacon, *supra;* C., C. & St. L. R. R. Co. v. P. J. Ahrens & Sons, 42 App. 434.

In the case of A., T. & S. F. R. R. Co. v. Feehan, 47 App. 66, decided by this court, it was said : " It was proven and not denied that defendant was violating the ordinance at the time of the accident.  That fact being established, the presumption was created by virtue of section 24 of an act in relation to fencing and operating railroads, in force July 1, 1874," that the killing of deceased was done by the negligence of defendant.  Chap. 114, R. S. 87.

It was for the defendant to rebut that presumption, and this, we think, was not done.  There was nothing to show that the accident would have happened in case the train had been run in obedience to the ordinance, or that it was due to some other cause than the negligence of defendant in that regard.

We think this language fairly applicable to the case at bar.  Regardless of any other questions as to negligence of appellant's servants in running the train, or the negligence of appellee in allowing the horses to escape from the pasture, the jury had the right, under the evidence, to attribute the injury to the speed of the train.

Objection was made on the trial to certain remarks made by counsel for appellee, in his closing argument to the jury. The objectionable language was this :  " I do not want any compromise verdict in this case.  This case has been to the Appellate Court and was reversed for the sole reason that the jury did not give us damages enough."  Objected to by counsel for defendant as not true, and not in evidence, whereupon the court said :  " The statement is improper.  Counsel should confine himself to the evidence."

Counsel for plaintiff then said :  " I repeat, it is true. This case was reversed by the Appellate Court because the

jury did not give us damages enough." Objection and ex-
.ception renewed by counsel · for defendant. The court:
" Counsel should confine his argument to the evidence."
Whereupon counsel for plaintiff said : " If I have said any-
thing improper I wish to retract it."

This remark of counsel for appellee was clearly improper,
and the court below so held, and cautioned counsel to con-
fine his argument to the evidence. The court was not
asked to make any further ruling upon the matter, so far as
the record shows, either by instruction or otherwise, but
counsel for appellant seems to have been content with the
ruling of the court, so far as it went, and did not see fit to
ask anything further. He might have requested the court
to instruct the jury to disregard the improper statement,
and then, if the instruction had been refused and an excep-
tion saved, the question would have been properly subject
to review in this court. But as the matter stands now, we
are unable to see that this proceeding before the trial court
and the jury affords sufficient cause for reversing the judg-
ment. O. & M. R. R. Co. v. Wanglin, 152 Ill. 143.

In the case of Chicago, St. L. & P. R. Co. v. Champion
(Ind. App. Court), 36 N. E. Rep. 321, it is said : " It is now
settled that in order to save any question in relation to the
misconduct of counsel during the progress of the trial, the
court must be called upon to correct the injury done. If the
court refuses to do so, the injured party may except, and
thus save the question involved for the consideration of this
court." See also Staser v. Hogan, 120 Ind. 207–222.

The same doctrine is laid down in 1 Thom. on Trials,
Sec. 962, p. 745. We think this is the correct and reason-
able rule, and the court below not having been asked to do
more than it did do, we do not see that it committed any
error for which the judgment should be reversed.

We think there was no material error in giving plaintiff's
first, second, third, and fourth instructions. It is claimed
that the fifth instruction for plaintiff, as well as some of
those which preceded it, was erroneous, because it is said it
ignored the question of ordinary care on the part of plaintiff

in permitting his horses to run at large, but, as we have seen, the mere fact that the horses were wrongfully at large and on appellant's right of way, would not preclude a recovery for their loss, if, after discovering them upon the track, or that there was danger of the engine colliding with them, the appellant's servants failed to exercise ordinary care to avoid the injury. This, in effect, was what the instruction told the jury, and we think it was not error to give it.

The instructions refused on the part of the appellants were not in harmony with the views hereinbefore expressed, and we think it was not error to refuse them. We have carefully examined all of the instructions, as well those given as refused, and find no error in the action of the court in relation thereto. Finding no substantial error in the record, the judgment will be affirmed.