## James F. Pendleton v. Chicago City Railway Company.

### Gen. No. 9,504.

1. CONTRIBUTORY NEGLIGENCE — *when does not defeat recovery.* Contributory negligence on the part of the person injured does not relieve the party inflicting the injury from liability, if by the exercise of ordinary care after discovering the danger the accident could have been prevented, in other words, if the party has been guilty of wilful and wanton conduct; or if such party has been thus guilty in failing to discover the danger through recklessness or carelessness when the exercise of ordinary care would have discovered the danger and averted the calamity.

2. INSTRUCTION—*when erroneous, ground for reversal.* When an instruction is erroneous and conflicts with other instructions given in a cause, so that all the instructions when considered together are calculated to mislead the jury with respect to a material matter, a reversal will be ordered.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed December 24, 1901. Rehearing allowed January 7, 1902. Opinion refiled October 13, 1903.

BRANDT & HOFFMANN, for appellant.

W. J. HYNES and S. S. PAGE, for appellee; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit for personal injuries. A verdict was returned in favor of appellee and from the judgment in accordance therewith this appeal is prosecuted.

Appellant received the injuries complained of the latter part of November, 1895, about eight o'clock at night, when it is said the space between the rails of appellee's tracks was frozen over and slippery. Appellant ran across a vacant lot and approached the tracks from the east. He passed behind the first of two trains one running some distance behind the other and going north on the east rail of appellee's double tracks, crossed over the east rail, and was obliged to stop there by a train going south on appellee's west track which apparently he desired to take, and which was passing directly in front of him when he reached the space between the east and west of appellee's tracks. The second of the two north-bound trains was then approaching on the east track which appellant had just crossed, and according to the statement of appellant's counsel the gripman on said train "shouted to appellant, who thereupon threw up his hands, seemed frightened and immediately commenced to retrace his steps," starting back easterly across the east track. It is stated that he slipped and stumbled, but was near or upon the east rail of said east track, when he was struck by the east or right hand corner of the approaching train.

It is claimed that when the gripman shouted to appellant the car was about seventy feet distant, and could have been easily stopped in less than half that distance; and it is claimed that instead of trying to stop, the gripman ran at full speed against appellant, making no effort to stop until after the injury had been inflicted. It is urged that appellant's evidence discloses "a case of reckless, wanton and wilful misconduct on behalf of appellee which rendered it liable for the injury to appellant, no matter what his negligence may have been in going upon the tracks."

There was evidence introduced on behalf of appellee tend-

ing to show that appellant ran from the sidewalk directly against the northeast right-hand corner of the grip car, and that appellee was guilty of no negligence whatever. The evidence was conflicting, and unless misled by improper instructions the verdict of the jury must be regarded as settling the issue of fact in favor of appellee.

The jury were instructed at the instance of appellant, that if they believed the said injury was inflicted "recklessly, wilfully and wantonly, and that such recklessness, wilfulness and wantonness was the proximate cause of the injury to the plaintiff, then the jury are instructed that even though the jury may believe from the evidence that the plaintiff was guilty of negligence which contrib. uted to the injury to himself, yet such negligence on his part will not, if the injury was so inflicted, prevent him from recovering, if he is otherwise entitled to recover."

The propriety of the foregoing instruction is not questioned. It has been held that contributory negligence on the part of the person injured does not relieve the party inflicting the injury from liability, if by the exercise of ordinary care after discovering the danger the accident could have been prevented, in other words, if the party has been guilty of wilful and wanton conduct; or if such party has been thus guilty in failing to discover the danger through recklessness or carelessness when the exercise of ordinary care would have discovered the danger and averted the calamity. L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596–606, and cases there cited. In Wabash R. R. Co. v. Speer, 156 Ill. 244–251, it is said : "It is well settled that where the injury results from the reckless, wilful or wanton act of the defendant, the plaintiff's right of recovery will not be defeated by his mere negligence, however great." See, also, C. & N. W. Ry. Co. v. Smedley, 65 Ill. App. 644–647, and cases there cited.

It is, however, urged in behalf of appellant that the court erred in giving at the instance of appellee instructions which it is said contradict the legal principles stated in the foregoing instruction given at appellant's request. That

some of the appellee's instructions so given are, when considered by themselves, liable to such imputation, is not seriously denied by its attorneys. The court told the jury, at the instance of appellee, after defining ordinary care, that "if a person receives an injury by reason of his failure to exercise such ordinary care, caution and prudence, or if he by the exercise of such ordinary care, caution and prudence would have avoided the injury, then he cannot recover for such injury," thus ignoring the principle before stated, that the absence of such ordinary care and caution would not defeat the right of recovery, where the injury was caused by a reckless, wilful or wanton act of the party by whom it was inflicted. The same error appears in different form in three other of the instructions given at the request of appellee's attorneys. These errors may, we think, reasonably be attributed not only to the mistake of appellee's counsel in asking instructions having no application under the declaration, but to the further fact that they asked the court for forty-one instructions, of which twenty were refused and at least four more should have been. To require the trial court to pass upon such a number of instructions, many of which were not called for in the case, was to invite an oversight oftentimes difficult to be avoided, and is a practice worthy only of condemnation.

It is urged that the judgment must be reversed because of these contradictions in the instructions given. That the contradiction is positive and repeated is beyond controversy. It may very well be that the verdict of the jury in appellee's favor was amply justified by the evidence. The fact remains that there was some evidence tending to sustain the charges of recklessness, wilfulness and wantonness in the declaration. The jury were told, nevertheless, that if they believed from the evidence the plaintiff, if he had exercised due care for his own safety, would not have been hurt, then he could not recover and it was their duty to return a verdict of not guilty; whereas, as we have said, it made no difference whether appellant was guilty of want of due care or not, if he was wilfully and wantonly injured

by appellee. The instructions do not, when considered together, correctly state the law, and they conflict in a way which might very well mislead the jury. Under such circumstances the cause should be sent back for a new trial. L. S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 80–83. In C., B. & Q. R. R. Co. v. Naperville, 166 Ill. 87–94, it is said: "It cannot be known what instructions the jury followed." See, also, Quinn v. Donovan, 85 Ill. 194–196; Steinmeyer v. The People, 95 Ill. 383–390.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*