THE TOLEDO, WABASH AND WESTERN RAILROAD COMPANY

*v.*

JOHN S. FURGUSSON.

NEGLIGENCE — *liability of railway companies for injuries to stock.* If a railway company neglects to comply with the statutory requirements, and an injury to an animal occurs, which is fairly attributable to such neglect, the mere fact that the animal is at large, if so at large in violation of no general or local law, will not relieve the company of its liability, even though the animal may go upon the track from uninclosed lots adjacent to the crossing, and is not standing when injured on the actual intersection of the railway and the highway.

29 — 42D ILL.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES EMERSON, Judge, presiding. .

This was an action on the case, brought by Furgusson against the Railway Company, to recover the value of a milch cow killed by a train at or near a street-crossing in the town of Harristown. The jury found a verdict for the plaintiff below, upon which a judgment was rendered. The case is brought to this court by appeal.

At the time the cow was struck, she was standing on the track, fifteen or twenty feet from the crossing at the intersection of a street and the railroad track. There was no signal given by the train.

Messrs. NELSON & ROBY, for the appellant.

Mr. H. CREA, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellee against the railway company for running over and killing a cow. The plaintiff below recovered a judgment for fifty-five dollars, and the defendant appealed. The cow was killed by the train passing west, just before reaching the station at Harristown. There is a highway crossing just west of the station-house. It is in proof that the bell was not rung nor the whistle blown while the train was passing over the eighty rods preceding the crossing. The only defense relied upon is, that the cow was not on the actual intersection of the railway and the highway when struck by the locomotive, but a few feet, or perhaps a few yards, one side thereof, and in the direction in which the train was approaching. It is urged, that the statute was designed to give damages only for injuries done upon the highway crossing, and that this cow, not being there, was a trespasser upon the railway, and that the appellant was liable only for willful injury or gross negligence. Instructions based upon this view of the law were asked by the defendant below, and refused by the court, and their refusal is assigned for error.

The counsel for the appellant refer to the case of the *Chicago & Mississippi R. R. Co.* v. *Patchen*, 16 Ill. 198, in support of their position, that the cow was a trespasser. That case, while expressly recognizing the authority of the well known case of *Seely* v. *Peters*, 5 Gilm. 138, as establishing the right of the owners of stock to permit it to run at large in this State, nevertheless draws a distinction between the rights of railway companies and private individuals upon whose land the cattle of a stranger have entered. Upon that distinction the railway company was held liable only for willful injury or gross negligence. In the case of the *Great Western Railroad Company* v. *Thompson*, 17 Ill. 133, the same rule was laid down, but not without a most earnest and vigorous protest by one of the members of the court, against a principle which established a difference of rights and liabilities between railway corporations and private individuals, in favor of the former. The rule was again propounded in *Cent. Mil. Tract R. R.* v. *Rockafellow*, id. 541, and *Ill. Cent. R. R.* v. *Reedy*, id. 580.

In disposing of the present case, it is not necessary to re-examine the ground on which these cases proceed, as the one at bar is not within their authority. In the case before us the liability rests upon a violation of an express statutory requirement, the observance of which might have prevented the accident. The 38th section of the act of 1849 requires the bell to be rung or the whistle to be sounded for the distance of eighty rods before reaching a highway crossing, and not only provides a penalty for failure to do this, but expressly provides that the road shall " be liable for all damages which shall be sustained by any person by reason of such neglect." The theory of appellant's counsel, that this only applies to injuries done upon the actual intersection of the two roads, where the land belongs equally to both roads, finds no support in the language of the act, and we are not at liberty to interpolate so material a restriction. There is always a highway crossing near a station, and it often happens, that, in the small villages which grow up around the stations, there are vacant lots in the immediate neighborhood of the crossing, forming a sort of commons, and

both persons and cattle are in the habit of crossing the railway track, as it passes over such uninclosed lots without lengthening their route by seeking the line of the highway. The law does not require the railway companies to fence in cities, towns or villages, and if a person, through failure to sound the whistle, is killed in crossing a railway track within a few feet of the highway, without fault upon his part, other than that he has diverged from the line of the highway, can it be said that damages are not recoverable, because the deceased was a trespasser? Admit that he was, he has come to his death from a cause which the legislature has said shall make the railway company responsible. As the statute does not confine the liability to accidents occurring on the crossing we cannot say the legislature did not have in view the fact that accidents would be very liable to occur in the open spaces adjacent to crossings near the stations, and that they did not intend to guard against accidents there as well as those occurring upon the actual crossings. Even in the case in 16th Ill. it is admitted the railway would be liable in cases of gross negligence. Whether the failure to sound the whistle or ring the bell is to be considered gross negligence it is not necessary to inquire. It is sufficient that the statute has said such failure shall give a right of action for all injuries attributable to such neglect.

This case differs from *Illinois Central Railroad* v. *Phelps*, 29 Ill. 448, and *Same* v. *Gardiner*, 30 id. 118, in this, that the accidents in those cases did not occur at a road crossing, and the evidence showed no connection between the injury and the failure to give the signal. The statute did not apply. The principle we here lay down is this: that, where a railway company has neglected to comply with the statutory requirement, and an injury to an animal is fairly attributable to such neglect, the mere fact that the animal was at large, if so at large in violation of no general or local law, would not relieve the company of its liability, even though the animal had gone upon the road from uninclosed lots adjacent to the crossing, and was not standing, when injured, on the actual intersection of the railway and the highway. In the present case the evi-

dence shows that the jury might fairly attribute the accident to the neglect to give the signal, and no question is made by counsel on that point.

The instructions asked by the appellant and refused by the court are inconsistent with the views here expressed, and were properly refused.

*Judgment affirmed.*