JOHANNA AUSTIN, Admx.

*v.*

THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD Co.

91 35
47a 509
91 35
57a 157
91 35
82a 677
91 35
94a 1187

1. CONTRIBUTORY NEGLIGENCE—*walking upon railway track without due caution.* The walking upon the track of a railroad without looking in both directions to discover approaching engines or trains, when the exercise of such precaution would discover the same, is such negligence as will preclude a recovery, unless the injury be willfully or wantonly inflicted by the railroad company.

2. Where a person got in close proximity to a side track of a railroad, and was walking along the same when he was struck by a yard engine and killed, and it appeared he was well acquainted with the locality, and placed himself in this dangerous position when the approaching engine was very near to him, without looking back to see if any engine was on the track, and that the engine was too close to him when he got near the track to be stopped, it was *held*, that his negligence was so great as to preclude any recovery against the company by his personal representative.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. MCALLISTER, Judge, presiding.

Messrs. HOYNE, HORTON & HOYNE, for the appellant.

Mr. THOMAS F. WITHROW, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 6th day of April, 1871, Lawrence Austin was struck by a yard engine of the Chicago, Rock Island and Pacific Railroad Company, on the west side of Clark street, and between Fourteenth and Fifteenth streets, in the city of Chicago. He died in a few hours, of the injuries there received. This action was brought by his widow, as administratrix of his estate, under the statute in that regard, against the company, to recover in respect of the death so caused. The jury returned a verdict for the defendant, upon which judgment was rendered. Plaintiff appealed.

It appears, from the evidence, that a very short time before the accident, Austin, the deceased, was walking northward in front of a freight train on the main track of the Lake Shore and Michigan Southern railroad, toward the point at which it intersected the side track of the Rock Island railroad, and near which he received his injury. This train was running very slowly. At the same time, east of this, the yard engine of the defendant was moving south upon its main track, in Clark street. It proceeded to a position just south of the switch and near to Fifteenth street, where it stopped. The switch was thrown to let it pass, and it moved on to the side

track of the Rock Island road.    Both engines were then moving north toward the point of intersection, the one on the Lake Shore track moving slow, as was always the practice at that place, so that they could stop immediately should there be anything in the way at the crossing.    Austin left the Lake Shore track and walked a short distance between it and the Rock Island side track.    He was also moving north toward the intersection.    He finally stepped to a position within a foot of the west rail of the side track of the Rock Island road, still looking and walking north.    Almost immediately afterward, after proceeding not more than two or three steps, he was struck, the engine being but some ten or eleven feet from him when he placed himself in this dangerous proximity to the track.    The engineer did not see Austin before the collision.    The fireman on the yard engine, and the conductor on the Lake Shore freight train, called to Austin at the moment he placed himself in danger, but the engine was so near that he did not have time to act.

The deceased was well acquainted with the locality of the tracks and the method of operating trains thereon.    He was, at the time, employed in an elevator near where the accident occurred, and lived in a south-westerly direction therefrom.    In passing between his home and his place of labor, he was at least twice a day in the vicinity of the place where he was injured.    This had continued for a number of years.

The negligence claimed in the defendant was, in not ringing the bell on its engine, and in running at a rate of speed higher than six miles an hour,—the rate fixed by the city ordinance.

One witness testified the bell was not rung,—four others that it was rung, one of them saying that he was ringing it himself.    The evidence seems to be that the engine was running at the rate of about five or six miles an hour, or not much over five or six miles an hour.

Upon the facts of this case we do not see any right of recovery.    It appears that the deceased was walking along the track of defendant's road, and placed himself in the position

of danger he did from an advancing engine, without using any precautions whatever to ascertain whether or not there was any engine or train approaching on the track. Seeing the engine go south on the Rock Island main track but so short a time before may have misled him to think it, or any other engine, would not come north on the side track so soon afterward. Watching, as he appears to have been, the engine on the Lake Shore track at the time he went so dangerously near the Rock Island side track, may have, in a degree, diverted his attention from approaching danger on the latter track, but neither or both of these things can be accepted as an excuse for omitting to look and see whether there was, in fact, danger in taking the position so near the Rock Island track. There was no reasonable necessity or cause for his going there. The distance between the two tracks, Lake Shore and Rock Island, was some eight or ten feet,—ample room of safety between them. Negligence and inattention in voluntarily and needlessly going into a place of danger, are not to be excused. The greater the danger, the higher the care and caution which should be exercised to avoid it.

This court has repeatedly held, that to walk upon the track of a railroad, without looking in both directions to discover approaching engines or trains, when the exercise of such precaution would discover either the one or the other, is such negligence as will preclude a recovery, unless the injury be willfully or wantonly inflicted by the defendant. *Chicago and Alton R. R. Co.* v. *Gretzner*, 46 Ill. 82; *Chicago and Northwestern R. R. Co.* v. *Sweeney*, 52 id. 325; *Chicago, Burlington and Quincy R. R. Co.* v. *Van Patten*, 64 id. 510; *Chicago, Burlington and Quincy R. R. Co.* v. *Damerell*, 81 id. 450; *Chicago, Rock Island and Pacific R. R. Co.* v. *Bell*, 70 id. 106; *Lake Shore and Michigan Southern R. R. Co.* v. *Hart*, 87 id. 529; *Illinois Central R. R. Co.* v. *Hall*, 72 id. 222; *Illinois Central R. R. Co.* v. *Hetherington*, 83 id. 510.

We are of opinion that there was such negligence here, on the part of the deceased, that the plaintiff has no right, in law,

to recover; that the case is so clear for the defendant, upon the facts, that had the verdict been for the plaintiff, it would have been the duty of the court to have set it aside as unwarranted by the evidence.

Under such circumstances, we deem it unnecessary to consider the questions raised upon instructions, and as to allowing a certain interrogatory to a witness, as, upon the facts, there can be no just cause of complaint of injury therefrom.

The judgment will be affirmed.

*Judgment affirmed.*