## WABASH, ST. LOUIS & PACIFIC RY. CO.

### v.

### GEORGE W. NEIKIRK.

1. WARNING AT PUBLIC CROSSING.—Where appellee's horses were killed while on the right of way of a railroad company at the farm crossing of appellee, and the latter claimed that if the employes of the railroad had rung the bell, or blown the whistle, on approaching a public crossing about a third of a mile distant from the place of accident, his attention would have been attracted to the approaching train, and the accident thereby avoided. *Held*, that the statute requiring such warnings on approaching a highway crossing was designed for the protection of persons crossing the track on the highway, and not for the safety of those crossing at a distance therefrom over private crossings, constructed by the railroad for their convenience.

2. RATE OF SPEED.—In this State there is no general law imposing any restraint as to the rate of speed a railroad company may run its trains, and when not prohibited by municipal regulation, it may adopt such rate as it shall deem advisable, provided the same is reasonably safe, and the company will not be subject to any liability for the rate adopted, if it is not otherwise at fault.

3. DUTY OF PERSON APPROACHING RAILROAD TRACK.—It is the duty of a person about to cross a railroad track to look and listen for approaching trains, and the neglect of that duty is such gross negligence as precludes all right of recovery in case of collision.

APPEAL from the Circuit Court of Mason county; the Hon. C. EPLER, Judge, presiding. Opinion filed July 3, 1884.

Mr. W. H. CAMPBELL, for appellant; cited C. B. & Q. R. R. Co. v. Lee, 68 Ill. 565; W. St. L. & P. Ry. Co. v. Neikirk, 13 Bradwell, 387; C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

W., St. L. & P. Ry. Co. v. Neikirk.

As to duty of person crossing railroad track: C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 514; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; Magrath v. N. Y. C. & H. R. R. Co., 59 N. Y. 468; Penn. R. R. Co. v. Beall, 73 Penn. 504.

Messrs. Conwell & Jackson, for appellee; that an omission to ring the bell or blow the whistle as required by statute is *prima facie* negligence, cited I. C. R. R. Co. v. Gillis, 68 Ill. 317; T. H. & I. R. R. Co. v. Jones, 11 Bradwell, 322; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 120; C. & A. R. R. Co. v. McDaniels, 63 Ill. 122; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Higbee, P. J. This case was before us at the May term, 1883, when a judgment in favor of appellee was reversed and the cause remanded. (13 Bradwell, 387). On a second trial a judgment was rendered against appellant from which it again appeals to this court.

The suit was brought to recover damages for killing stock and injuring harness by appellant's locomotives and cars while being operated on its road. The alleged ground of recovery as to all the property, except three horses and the harness, was that appellant's road had been open for use more than six months prior to the injuries complained of, and that it had failed to erect and keep in repair fences, etc., in consequence whereof certain cattle and hogs of appellee got upon the track and were killed by appellant's locomotive and cars. There was no dispute that the cattle and hogs strayed upon the track of the road for want of a sufficient fence to keep them off and were killed as alleged; but appellant attempted to relieve itself from its statutory duty to fence, by showing that appellee had agreed to erect said fences and keep them in repair. The evidence failed to sustain this defense. The mere fact that appellee planted a hedge and built a part of the fence as a laborer for appellant, or in some other way not explained, does not justify the inference that appellee was

responsible for the bad condition of the fence. The law has imposed upon the railroad company the duty of erecting and maintaining fences on the line of its road, and to shift this duty upon the owner of the adjacent land whose stock has been injured for want of sufficient fence, the burden of proof is upon the company to show the terms of the contract under which such duty is assumed. No such evidence is to be found in the record and the jury were justified in charging the re·sponsibility for the loss of this stock upon the company.

As to the three horses killed and the harness injured upon the private crossing, a recovery was sought upon the grounds that appellant's servants did not ring a bell or blow a whistle, and that the train was running at an unusual and dangerous rate of speed.

Appellee lived on the south side of, and near to the track of the railroad, which ran nearly northeast and southwest, where he had a farm crossing over the track almost directly in front of his house; and between his house and the railroad there was a fence with a gate just opposite the crossing and about twenty-five feet therefrom, opening toward the track of the road. Appellee had been plowing on the right of way of the company with his three horses and was preparing to move a log that was opposite to his crossing on the north side of the railroad and lying in the highway, when his wife called him to supper. There was no gate between the highway and the railroad track; appellee took hold of the lines and drove his horses toward the crossing to within about eight or ten feet of the track of the railroad, then stopped them, and left them in charge of his boy, twelve years old, and went across to the south side, some twenty-five or twenty-eight feet from the track, to the gate, for the purpose of opening it. In his evidence, appellee himself gave the following account of the accident: "As I crossed the railroad I looked up it; can't say I looked down, to the best of my recollection. If I had looked down, I would have seen the locomotive approaching for two miles." On direct examination he swore " I could have seen it for two miles where I crossed the track; did not look down while on the track; my attention was first attracted

when all of a sudden it was right onto me.    The horses lifted up their ears; that was the first I .noticed; the horses were frightened; that was the indication; they saw the engine before I did; the two outside horses attempted to run across the track; the other was holding them back, and I called to my boy to turn around; they ran on or backed onto the track; can't say they got on through fright; throwing up their heads in fright was the first indication I saw; they were standing on the track; they got onto the track; they wanted to get into the yard; the boy was not able to control them; while on the track they were struck by the locomotive and killed, and the harness injured."

When this case was before us at the May term, 1883, *supra*, we said: " Here the horses were killed while on the right of way of the company, at the farm crossing of appellee.    At such a crossing .a railroad company is not required by our statute to ring a bell or blow a whistle.    It is only where a railroad crosses or intersects any public highway that such a duty is imposed by the statute."

Appellee insists that if the employes of the railroad had rung the bell or blown the whistle on approaching a public highway crossing about a third of a mile west of the place of the accident, his attention would have been attracted to the approaching train, and the accident thereby avoided. The statute requiring the ringing of the bell or the blowing of the whistle on approaching a highway crossing was designed for the protection of persons crossing the track on the highway, and not for the safety of those crossing at a distance therefrom, over private crossings constructed by the railroad for their convenience.

It is also contended by appellee that the servants of appellant in charge of the locomotive that struck and killed the horses and injured the harness, were guilty of gross negligence in running the same at a high and dangerous rate of speed at the time of the accident.    In this State there is no general law imposing any restraint as to the rate of speed a railroad company may run its trains, and when not prohibited by municipal regulation, it may adopt such rate as it shall

deem advisable, provided the same is reasonably safe, and the company will not be subject to any liability for the rate adopted if it is not otherwise at fault. C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576.

It is said that if the train had been running at a less rate of speed, it could have been stopped in time to have avoided the accident. On seeing the team near the track, in the possession and apparently under the control of the person in charge of it, the engine-driver would naturally suppose that the person in charge would keep it off from the track and out of danger until the train passed, and it was not his duty to have stopped his train to avoid a collision which he had no reason to suppose would occur. C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450, and authorities there cited.

But even if the servants of appellant were guilty of some degree of negligence, it was not wanton or willful, and was slight compared with the negligence of appellant. When he attempted to cross he knew he was approaching a place of danger, and it was his duty before attempting to cross, or driving so near as to endanger his team, to have looked in both directions. Had he done so, instead of relying upon hearing a bell or whistle at a distant crossing, he would have discovered a train rapidly approaching in time to have avoided the accident. That he failed to take this precaution for the safety of his property was his own fault, and he can not charge his loss upon others. If he was not in the exercise of ordinary care and diligence for the protection of his property when the same was injured, the law affords him no remedy.

The settled doctrine of the courts of this State, supported by a long line of unbroken authorities, is that it is the duty of a person about to cross a railroad track to look and listen for approaching trains, and the neglect of that duty is such gross negligence as precludes all right of recovery in case of collision. C. & R. I. R. R. Co. v. Still, 19 Ill. 499; G. & C. U. R. R. Co. v. Dill, 22 Id. 265; C. & A. R. R. Co. v. Gretzner, 46 Id. 83; T. P. & W. Ry. Co. v. Riley, 47 Id. 515; St. L. A. & T. H. Ry. Co. v. Manly, 58 Id. 300; C. & A. R. R.

Co. v. Jacobs, 63 Id. 179; C. B. & Q. R. R. Co. v. Lee, 68 Id. 576; T. W. & W. Ry. Co. v. Jones, 76 Id. 312; C. R. I. & P. R. R. Co. v. Bell, 70 Id. 102; C. B. & Q. R. R. Co. v. Van Patten, 64 Id. 516; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 455; W. St. L. & P. Ry. Co. v. Hicks, 13 Bradwell, 407.

From appellee's own showing the verdict of the jury as to the horses and harness was not authorized, and the court erred in not setting it aside and granting a new trial.

Judgment reversed and cause remanded.