CHARLES A. WILLIAMS

v.

CHICAGO & ALTON RAILROAD COMPANY.

32 339
47 386
47 509

*Railroads—Statutory Signals—Crossings—Personal Injuries—Adjacent Field.*

The plain object of the statute requiring railroad companies to give signals at highway crossings is to protect persons who may be about to cross the track and to obviate danger of collisions. Failure to comply with the statute does not render a company liable to a person injured in an adjacent field by reason thereof.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. THOMAS F. TIPTON, for plaintiff in error.

Messrs. WILLIAMS & CAPEN, for defendant in error.

WALL, J.    The declaration alleged that plaintiff was plow-
ing in a field adjacent to the defendant's railroad track and a
short distance from the crossing of a public highway; that a
train approached from the northeast and failed to give the
statutory signal by sounding whistle or ringing bell for a dis-
tance of eighty rods before the crossing was reached; that be-
tween the point where the plaintiff was at work and said cross-
ing there was a curve in the track and by reason thereof and
of intervening trees and vegetation the train was not visible
from plaintiff's standpoint until it had passed the crossing and
was quite near him; and because of its sudden appearance and
proximity without warning his horses became frightened,
causing him to receive a serious bodily hurt.

Liability is predicated upon the assumed duty of the com-
pany to give said signal for the warning and protection of the
plaintiff under the circumstances stated and upon negligence
from the omission to do so.    The Circuit Court sustained a
demurrer to the declaration upon which ruling error is as-
signed.    The statute reads as follows, Par. 68, Ch. 114, S.
& C. Stat. 1935:

"Every railroad corporation shall cause a bell of at least
thirty pounds weight and a steam whistle placed and kept on
each locomotive engine, and shall cause the same to be rung
or whistled by the engineer or fireman at the distance of at
least eighty rods from the place where the railroad crosses or
intersects any public highway, and shall be kept ringing or
whistling until such highway is reached."

The declaration alleges that it was negligence not to give
the signal, and by reason of the signal not being given the in-
jury was occasioned, and it seems to be argued that as the
demurrer admits the truth of the matter so alleged, it admits
negligence.    The demurrer admits the truth of all matters of
fact which are well pleaded; but not necessarily all conclu-
sions that may be therein drawn from stated facts.    The point

here is whether the failure to comply with the statute is neg-
ligence with respect to one situated as was the plaintiff.

It has uniformly been held that with respect to persons and
animals crossing or about to cross the railroad over the high-
way the omission to give the signal was negligence and if it
occasioned injury at such crossing an action would lie, and in
T., W. & W. R. R. Co. v. Furgusson, 42 Ill. 449, recovery
was sustained where an animal was killed, not on the crossing,
but a short distance from it and in the direction in which the
train was approaching, in an open unfenced space within the
limits of a station. There the court regarded the case as be-
ing within the same consideration as though the animal had
been on the crossing and seemed to place no little stress upon
the provision in the statute then in force that the road should
"be liable for all damages which shall be sustained by any
person by reason of such neglect." It is to be noted that in
the revision of 1874, this clause was omitted.

In Rowena v. St. P., M. & O. R. R. Co., 62 Wis. 178, such
a statutory provision was held to afford its protection to a
traveler on a highway running parallel with the railroad, and
other cases somewhat like the Wisconsin case can be found in
other State reports. On the other hand it was held in
O'Donnell v. Providence & O. R. R., 6 R. I. 211, that such a
statute is intended to protect persons about to cross the rail-
road at a highway, and can not be made the ground of an
action by one who is injured while walking along the railroad
track, not at a crossing. A similar view was held in E. T. V.
& G. R. R. Co. v. Feathers, 10 Lea, 103, where the plaintiff
was riding horseback along a highway running near to and
parallel with the railroad and was injured by reason of the
fright of the horse occasioned by the unannounced appear-
ance of the train. So also in St. L. & S. F. R. R. Co. v.
Paine, 29 Kan. 160, where the plaintiff's team being near the
railroad, but not on or approaching the crossing, was fright-
ened by the train, no signal of its coming being given.
Thompson on Neg., Vol. 1, page 452, and cases there cited;
Shearman and Redfield on Negligence, Sec. 485.

In the case of W., St. L. & P. R. R. Co. v. Neikirk, 15

Ill. App. 172, the plaintiff had been working with his team on the right of way of the railroad some distance from a highway crossing and in attempting to cross the railroad at a private crossing the team was run upon by a train which was passing, and it was insisted that because the signal had not been given before reaching the highway crossing there was negligence producing the injury and of which the plaintiff might rightfully complain, as, if the signal had been given, his attention would have been attracted to the approach of the train and the accident thereby avoided; but the court remarked " The statute requiring the ringing of the bell or the blowing of the whistle on approaching a highway crossing was designed for the protection of persons crossing the track on the highway and not for the safety of those crossing at a distance therefrom over private crossings constructed by the railroad for their convenience."

In C. & E. I. R. R. Co. v. McKnight, 16 Ill. App. 596, the person injured was riding on a hand car over the defendant's track, and was struck by a train coming in the opposite direction and it was claimed there was negligence in the failure to give the signal before reaching a highway crossing. But the court said: " The deceased was not injured at the crossing and does not come within the meaning of that statute. That statute was intended to protect persons in crossing and has no reference to cases like this where the injury occurred on the railroad track of appellant. The omission to comply with the statute can not in a case like this be set up as a ground of recovery."

The principle involved in the two cases last cited seems to be substantially the same as in the present, and we are content with the conclusions therein. The statute simply makes it the duty of the company to give the signal when approaching a highway crossing. It is to begin at the distance of eighty rods from and to continue up to the crossing. The plain manifest object was to protect by a required warning those who might be about to cross the railroad over the highway, so that the danger of collision at such crossings might be obviated.

The case of a person working with a team near the railroad, but not about to cross over a highway, who might, or might not, if he heard the signal, have secured his team or got a safe distance away, was evidently not in mind and not intended to be provided for. It would be difficult, if not impossible, to make the statutory provision uniformly useful as to persons situated as was the plaintiff, and in other similar situations. It is practicable to apply it uniformly in all cases at highway crossings.

We think the construction contended for by plaintiff strained, unnatural and not within the intention of the legislature, and that the Circuit Court properly held that no cause of action was disclosed by the declaration. The judgment will be affirmed.

*Judgment affirmed.*