47    507
111   ³422

# EMIL J. EGGMANN, ADMINISTRATOR,

v.

# THE ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COMPANY.

*Railroads—Negligence—Personal Injury—Trespasser—Sec. 90, Chap. 114, R. S.*

1. A railroad company ordinarily owes no duty to a trespasser upon its track. If injured there can be no recovery, unless the injury was wilfully or wantonly inflicted, or the negligence was so reckless or negligent in its character as in law to amount to wantonness.

2. The fact that the portion of a track where a person was injured was habitually used by pedestrians, does not change the relative rights or obligations of one injured while on the track, or those of the company; such person will still be a trespasser.

3. A failure to comply with Sec. 90, Chap. 114, R. S., touching the rear brakeman of a train remaining in his place, is negligence, for which a liability would arise for an injury resulting therefrom to a person in the exercise of ordinary care, but is no evidence of a reckless disregard of human life. It would not amount to wantonness.

4. A railroad company does not owe any statutory duty as to signals to a person on its track within eighty rods of a highway crossing.

[Opinion filed June 26, 1893.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. WILLIAM WINKELMANN, for plaintiff in error.

Messrs. TURNER & HOLDER, for defendant in error.

MR. JUSTICE SAMPLE.    This suit was brought by plaintiff in error to recover damages for the death of his intestate, caused, as alleged, by the negligence of the defendant in error.

At the close of the evidence for the plaintiff the court, on motion of the defendant, instructed the jury to find for the defendant, which instruction raises the questions presented on this record.

The facts are, that the defendant owned and operated a railroad from Belleville to St. Louis, Mo., extending in a southeasterly direction from the city limits of Belleville in a straight course for about 900 yards, with no obstructions; that for a number of years, the track for about a mile had been traveled by pedestrians; that near where the accident occurred there was a public highway crossing; that on the east side of the railroad track, and about 100 yards therefrom, there was the Freeburg toll road which ran parallel thereto, of which the deceased had been tollgate keeper for about twenty-five years; that he was an old man and partly deaf, and resided nearly opposite the place where he was killed; that on the night of January 31, 1889, an employe of the defendant was killed on the track nearly opposite deceased's home; that about nine o'clock of the morning of the 1st day of February, the deceased was informed of that fact and started across the field from his house to the railroad track, which was outside the corporate limits of Belleville, to see, as claimed, if any one was there and what he could do; that after reaching the track, he walked up and down, with his head bowed, poking his cane at some objects occasionally, the wind at the time blowing toward the north; the deceased's daughter was standing in the door of their home, about 600 yards away, looking at him.   While the deceased was so on the track, a freight train came out from Belleville running in a southeasterly direction at the rate of from twelve to fifteen miles an hour, at the place of the accident, without, as alleged and proven, sounding an alarm until within 100 yards of the deceased, who,

failing to hear it or observe the approach of the train, was struck and so severely injured that he died the same day, leaving a wife and several children depending on him for support.

The evidence does not disclose what length of time the deceased had been on the track before the accident, but it is clear from the evidence that he had been there a sufficient length of time before the accident to have discovered that there was no dead body on the track, before the train struck him. It only required a glance up and down the track to assure him of that fact.

If it is assumed then, as a fact, that the deceased's purpose in going on the track was to remove the body therefrom of a railroad man, who had been killed the night before, yet when he discovered that there was no body there to be removed, as necessarily he must have done at a glance, almost, can it be insisted, under the law, that thereafter, as he remained on the track, walking about, poking his cane at objects, as observed by the plaintiff's witnesses, he was not a trespasser? We think not.

Then, being a trespasser, the law of liability in such case is fixed by a uniform line of decisions in this as well as other States. The defendant owed him no statutory duty because he was on the track, within eighty rods of a highway crossing. Williams v. C. & A. R. R. Co., 32 Ill. App. 339. The question simply is, was there such gross negligence or wantonness as to create a liability, in view of the deceased's relation to the road at the time of the accident. That the deceased was not in the exercise of ordinary care, is self-evident. This is true, whatever was his purpose in going on or remaining on the track.

A person can not deliberately go on a railroad track, over which he knows trains are being frequently run, and remain there, in utter disregard of his situation, without looking or listening for the approach of a train, until he is knocked off the track, and then predicate care upon such conduct. Austin, Adm., v. C., R. I. & P. R. R. Co., 91 Ill. 35; I. C. R. R. Co. v. Hall, 72 Ill. 222; I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

In order to recover under the facts in this case, the injury must have been wilfully or wantonly inflicted, or the negligence must have been so reckless in its character as, in law, to amount to wantonness.    Blanchard v. L. S. & M. S. R. R. Co., 126 Ill. 416.

There is no evidence in this record to show wilfulness or wantonness on the part of the men operating the train. The train at the time was outside the corporate limits. The deceased was at a place on the track other than a highway crossing, where the men operating the train had no right to expect a man would be on the track, utterly regardless of his own safety.    It is true the evidence shows that that portion of the track had been used by pedestrians, yet, as held in the case of I. C. R. R. Co. v. Hetherington, 83 Ill. 510, such fact does not change the relative rights or obligations of one injured while on the track, or those of the company.    Such person will still be a trespasser.

From the fact of such use, it certainly will not be presumed that the company had been in the habit of stopping its trains when people were seen walking on the track ahead of the train.

The common observation of every one is that when a railroad track is used by pedestrians to travel upon in the country, that is, outside of corporate limits, that trains do not stop or check up when persons are seen on the track. Such persons know it is their duty to get out of the way, although sometimes they are provokingly slow in doing so.

Had the men operating the train seen the deceased in time, and from his conduct had had reasonable grounds to believe that he would not get off the track, and notwithstanding such facts had run over him, then there would have been a liability, because such conduct would have been wanton, in which case there is no such thing as comparative negligence.    It is urged that there is a liability because the rear brakeman was not in his place as required by the statute—Sec. 90, Chap. 114, R. S.—at the time of the accident.

A failure to comply with this statute might be and is negligence for which a liability would arise for an injury result-

ing therefrom, as to a person in the exercise of ordinary care on his part. But it is no evidence of a reckless disregard of human life. Such negligence would not amount to wantonness.

Badgley had no right to expect the performance of such duty, being himself a trespasser. Under the evidence in this case, the court could not have done otherwise than to take the case from the jury, and the judgment is affirmed.

*Judgment affirmed.*